IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PATRICK DRAKE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0176 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

On January 14, 2005, petitioner filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of a December 21, 2004 prison disciplinary proceeding. In that prison disciplinary proceeding, petitioner was found guilty of the disciplinary offense of refusing to accept a housing assignment, a Level 2, Code 24.2 offense,[1] and was punished with the forfeiture of sixty (60) days previously accrued good time credits.[2] For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DISMISSED.

---

[1] On appeal through the grievance process, petitioner's charge was modified to reflect a Code 24.0 offense for refusing or failing to obey an order.

[2] Other punishment with which petitioner was assessed either constituted changes in the conditions of his confinement or did not inevitably affect the duration of his sentence and, therefore, did not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

HAB54\DISCIP\R&R\DRAKE176:2

I.
## STATE COURT CONVICTIONS

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), pursuant to judgments of conviction and sentence out of the 292nd Judicial District Court of Dallas County, Texas for four (4) offenses of burglary of a building. Upon his pleas of guilty, petitioner was sentenced on June 16, 1992 to four (4) concurrent twenty (20) year sentences.

II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 200501114766 in the following respects:

1. Petitioner was denied due process because he was denied pre-hearing access to witnesses for interviews and was unable to obtain witness statements because he was placed in pre-hearing detention;

2. Petitioner was denied due process because there was insufficient evidence to support the hearing officer's determination of guilt because the finding was based solely on the charging officer's testimony which was hearsay;

3. Petitioner's civil rights have been violated because he was denied equal protection because Officer Head was allowed to continue to harass, threaten and intimidate petitioner;

4. TDCJ-CID violated its own rules of prison procedure by failing to videotape the disturbance during which he refused to accept a housing assignment; and

5. Petitioner's civil rights have been violated because the prison, with deliberate indifference, subjected him to cruel and unusual punishment in that petitioner's life was in danger and TDCJ-CID did not take action to provide adequate safety for him.

III.
## EXHAUSTION OF STATE COURT REMEDIES

Relief may not be granted to petitioner unless he has exhausted the remedies available in the

courts of the State, or an exception to exhaustion exists. However, an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. This deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c). *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[3]

Petitioner challenged the disciplinary proceeding at issue through the prison grievance procedure. Petitioner's Step 1 grievance was denied January 18, 2005, and his Step 2 grievance was denied March 1, 2005. However, nowhere in his grievances did petitioner raise the allegations asserted in Grounds 1 (access to witnesses), 2 (insufficient evidence) and 4 (violation of prison rules) of this federal habeas petition. The only argument petitioner raised in both grievances appears to be his contention that he was justified in refusing his housing assignment due to his belief that his life was in danger, and that he had repeatedly requested protective custody. It appears to the Court that Grounds 1, 2 and 4 were never exhausted and that petitioner does not fall within an exception to the exhaustion requirement. Consequently, petitioner is now procedurally barred, by TDCJ time limits, from presenting his claims to state prison authorities because he cannot demonstrate adequate cause for the default and actual prejudice resulting from such default. For this reason, petitioner's claims in Grounds 1, 2 and 4 should be dismissed for failure to exhaust.[4]

---

[3] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that state court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex.Crim App. 1988).

[4] Even if petitioner's second ground were exhausted, his claim would be without merit. Merely generalized accusations can form the sole basis for a disciplinary action against a prison inmate, *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 2001), and this Court's review is limited to whether the guilty finding is supported by "some facts" or "any evidence at all." *Hudson v.*

## IV.
## REMAINING CLAIMS ARE NOT COGNIZABLE IN HABEAS CORPUS

In his third ground, petitioner asserts his civil rights have been violated because he has been denied equal protection under the United States Constitution because Officer Head was allowed to continue to harass, threaten and intimidate him. In his fifth ground, petitioner contends his civil rights have been violated because the prison, with deliberate indifference, subjected him to cruel and unusual punishment because petitioner's life was in danger and TDCJ-CID did not take action to provide adequate safety for him. Both of these claims attack prison procedures and the conditions of petitioner's confinement and, thus, allege civil rights violations pursuant to 42 U.S.C. § 1983. Therefore, such claims are not cognizable in a federal habeas corpus action. For this reason, Grounds 3 and 5 should be dismissed.[5]

## V.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner PATRICK DRAKE should be DISMISSED.

---

*Drake*, 242 F.3d 534, 537 (5th Cir. 2001). The charging officer's testimony would constitute "some evidence." Even if petitioner's fourth ground were exhausted, such claim is not cognizable on federal habeas corpus review. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-CID's failure to follow its own administrative rules does not raise federal constitutional issues as long as minimum constitutional requirements are met); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (failure of prison officials to follow their own rules does not establish a constitutional violation).

[5]To the extent, if any, petitioner contends he was denied due process because his original charge was modified during the grievance procedure to reflect a violation of a different rule, a lesser included offense, petitioner has failed to provide any legal authorities to support his position or shown how such change violated his constitutional rights or prejudiced him in any way.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of November 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as
authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).